Pettibone, J.,
delivered the opinion of the Court.
This was an action of trespass guare clausam fregit, brought in the Circuit Court .for Cape Girardeau county. Plea, not guilty; verdict and judgment for defendants. The error complained of, is, in rejecting some testimony given on the part of the plaintiff, which is set forth in the bill of exceptions, and is, in substance, as follows: that plaintiff, on the trial, examined one Samuel Parker as a witness for him, who stated, that he applied to James Russell, as agent of the plaintiff, to lease the land on which the trespass complained of was committed; that James Russell, refused to lease to him, but proposed to let him live upon the premises, if he would take care and keep possession of the place for the said William, and prevent other persons from doing damage thereto, until the said plaintiff should come; to which he, witness, agreed, and accordingly'removed upon the premises; and while so taking care of said premises, the trespasses complained of were committed by defendants; that witness informed them, that' he was directed by plaintiff to forwarn any person from doing any injury to the premises, and did forbid, them, &c. The plaintiff also examined James Russell, who stated, that the premises in question were claimed by William Russell, by virtue of a purchase from the United.Slates; and that he, as the agent of plaintiff, paid the money for said land to the Receiver of public monies at Jackson, and that, as the agent of said plaintiff, he had put Samuel Parker upon the premises for the purpose of taking care of, and preventing injury to said premises, for said plaintiff.
After the foregoing testimony had been given, the defendant’s counsel moved the Court to exclude said evidence'from the jury, which motion the Court sustained, and instructed the jury that there was no evidence on the part of the plaintiff legally before them; to which opinion and instruction the plaintiff, by his counsel, excepted. The only question presented to this Court is, whether the foregoing evidence was properly excluded from the jury. We are at a loss to conjecture on .what ground it was deemed incompetent testimony. The evidence was certainly proper to'show *276 the nature of Parker’s possession ; and if the jury believed tliat he was the mere servant or agent of the plaintiff, keeping the possession for him, they might he authorized, from this evidence, to find for the plaintiff; because in that case, the possession of Parker would he the possession of Russell; and possession as against a naked Wrong-doer, is sufficient to eniitle a-person to maintain trespass. The defendants in' this case set up no title. If the plaintiff was in possession, and the defendants broke in upon that possession, the plaintiff has a right to this action. This evidence was proper to go to the jury, to prove his possession and the trespass of the defendants. Whether it would have been satisfactory to them to establish those points, is not for this Court to judge. It is sufficient that they might have inferred those facts from the evidence excluded. We are of opinion, therefore, that the Court erred in excluding the evidence from the jury.
The judgment of the Court below must he reversed, and the cause remanded for a new trial; and the plaintiff must recover his costs in this Court.